```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION

STEPHEN ANDREW MORETTO,

        Plaintiff,

v.                                Case No:  2:23-cv-880-JES-KCD

M. WILSON, R. SOLORZANO, D.
COLON, SECRETARY, DEPARTMENT
OF CORRECTIONS, Z. BOWDEN,
S. MILLIKEN, W. CANNON, T.
L. DAVIS, DICKS, RMC; F.
BONES, SFRC; A. SCOGGINS, G.
NOE, and CENTURION OF
FLORIDA,

        Defendants.
_____/
```

**ORDER REOPENING CASE AND DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff moves this Court for reconsideration of its order dismissing his 42 U.S.C. § 1983 complaint without prejudice for failure to comply with a court order to pay an initial partial filing fee. (Doc. 14). Plaintiff recognizes that he neither paid his partial filing fee within the time allotted nor sought an extension of time to do so, but faults a delay in receiving his mail for the omission and states that he has now paid his fee in full. (Id.) Plaintiff also states that "it is very hard to send courts money out of my inmate account when FDOC is defendant." (Id. at 1). Because Plaintiff has paid his filing fee in full and because it looks as if some of his claims may be time-barred if

refiled (rendering the dismissal with prejudice), the Court will grant his motion to reopen. However, Plaintiff must file an amended complaint if he wishes to proceed.

## I.  Standards of Review

Title 42 U.S.C. § 1983 imposes liability on persons who, under color of state law, deprive a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]"  42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A)  the allegation of poverty is untrue; or
>
> (B)  the action or appeal-
>
> > (i)  is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or

2

> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under section 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

In making the above determinations, all factual allegations (as opposed to legal conclusions) in the complaint are viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

## II. Complaint

In his 53-page amended complaint, Plaintiff describes a dangerous condition that he has encountered at various Florida prisons. (Doc. 10). He alleges that yellow paint is used to mark the walkways at the prison and that the paint becomes slippery when wet. (Id. at 7). He claims that the slippery nature of the paint is exacerbated by the FDOC-issued footwear[1] he is required to wear. He assert that the grooves on the crocs wear away in a matter of weeks, and various defendants at his prisons have not replaced them quickly enough. (Id. at 7, 9, 19, 23, 25, 27). Plaintiff complains that he has fallen numerous times as a result of slipping on the yellow paint while wearing worn-out crocs. (Id. at 14, 19, 20, 22, 23). He raises the following claims against various defendants regarding the paint and footwear:

> **Claim One.** Defendants Bowden, Milliken, Dixon, Colon, Cannon, Boone, Davis, Bones, Dicks, and Wilson failed to protect Plaintiff from harm by issuing crocs that become slippery in wet

---

[1] Plaintiff calls the footwear "crocs." (Doc. 10). Presumably, he refers to the resin clog-shaped footwear manufactured by Crocs, Inc. (or the generic equivalent). See www.crocs.com.

4

> conditions, particularly in areas painted with high gloss yellow paint.
>
> **Claim Two.** Defendants Milliken and Bowden have violated Plaintiff's rights under the Eighth Amendment by failing to have sand added to the yellow paint used to paint the roads at Florida prisons.
>
> **Claim Three.** Defendants Dixon, Colon, Cannon, Davis, Wilson, Dicks, Bones, Boone, and Bowden violated Plaintiff's constitutional rights by following FDOC policy to issue crocs to prison inmates.
>
> **Claim Six.** Defendants Bone, Dicks, Dixon, Cannon, Davis, Milliken, and Bowden violated Plaintiff's constitutional rights by refusing to immediately replace his crocs when the tread wears off.

(Doc. 10 at 29–32).

Plaintiff also complains about the quality of the medical care he has received from medical providers in the FDOC. He generally complains that he falls down frequently (often as a result of slippery paint and worn out crocs) and has other underlying health conditions, but that the doctors and nurses at his prison refuse to prescribe him stronger pain medication (insisting that his pain is merely age-related or caused by arthritis) and treat his injuries as "routine care" instead of "urgent care." (Doc. 10 at 9–11, 12, 13, 16, 21–22, 25–26). He also complains of an FDOC rule that limits the amount of certain pain medications that may be prescribed to prisoners. He raises the following claims against the medical defendants:

5

> **Claim Four.** Defendants Centurion, Noe, Scoggins, and Solorzano have violated Plaintiff's rights by following FDOC policies preventing him from seeing an orthopedic specialist and by limiting the amount of certain types of pain relievers prescribed. He asserts that the defendants have the authority to consider his condition urgent instead of routine, but they do not do so. (Doc. 10 at 31–32).
>
> **Claim Five.** Defendants Noe, Scoggin, and Solorzano have been deliberately indifferent to his serious medical needs because they only give him pain medication to treat his arthritis and seizures instead of pain medication for his other pain. They also refuse to raise his level of care to urgent from routine.

(Doc. 10 at 31–32).

### III. Discussion

Upon preliminary screening, the Court concludes that Plaintiff has not filed an adequate civil rights complaint. Plaintiff will have an opportunity to file a second amended complaint, but he should carefully review this Order to ensure that his second amended complaint is not dismissed on initial screening for failure to state a claim.

> **A. Plaintiff must name as defendants only those responsible for the particular alleged constitutional violations.**

Plaintiff names numerous defendants in the styling of his complaint and in his section listing his claims, but he does not clearly describe how each of these defendants violated his constitutional rights. As such, there is insufficient information

6

to apprise the individual defendants of the nature of their allegedly unconstitutional conduct. See Fed. R. Civ. P. 8(a)(2) (explaining that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, Plaintiff is reminded that supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the bases of respondeat superior or supervisory liability. See Christmas v. Harris County, Ga., 51 F. 4th 1348, 1354–55 (11th Cir. 2022). To the extent Petitioner attempts to hold any defendant liable based on the actions of others, a defendant's supervisory position, without an affirmative causal connection to a constitutional violation, does not subject him to liability. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). The required "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so[,]" Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), or when "the supervisor's improper 'custom or policy result[s] in deliberate indifference to constitutional rights.'" Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the

subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). As drafted, none of the facts alleged in Plaintiff's amended complaint shows the requisite causal connection to support a respondeat superior or supervisor liability claim.

**B.   Plaintiff does not have a constitutional right to a grievance procedure.**

Plaintiff appears to attribute liability to several defendants solely on the basis that they denied his grievances. Grievance-based claims are rarely cognizable in federal court because an inmate does not have a constitutionally protected interest in a grievance procedure. See Thomas v. Warner, 237 F. App'x 435, 437 (11th Cir. 2007) ("We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Therefore, Plaintiff should not raise claims against any defendant based solely on his denial of Plaintiff's grievances.

### C. Plaintiff's mere disagreement with his medical treatment does not state a constitutional claim.

The Supreme Court has held that prison officials violate the Eighth Amendment when they display "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A deliberate-indifference claim entails both an objective and a subjective component." Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1266 (11th Cir. 2020). "First, the inmate must establish an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm." Id. (quotation omitted). "Second, the inmate must prove that prison officials acted with deliberate indifference to that need by showing (1) that they had subjective knowledge of a risk of serious harm and (2) that they disregarded that risk (3) by conduct that was more than mere negligence." Keohane, 952 F.3d at 1266 (brackets and quotation omitted). The Eleventh Circuit has explained that "conduct deliberately indifferent to serious medical needs has included: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." Melton v. Abston, 841 F.3d 1207, 1223 (11th

Cir. 2016), abrogated on other grounds as recognized by Ireland v. Prummell, 53 F.4th 1274, 1287 n.5 (11th Cir. 2022).

Plaintiff appears to base his claims against the medical defendants on their refusal to provide him with the precise medical treatment he wants; however, a simple difference in medical opinion does not constitute deliberate indifference. See Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). Indeed, when a prison inmate has received medical care, albeit not the care he desired, "courts hesitate to find an Eighth Amendment violation." Id. at 1035.

To the extent Plaintiff argues that any medical defendant committed medical malpractice by failing to recognize the seriousness of his condition and treat him more expeditiously, he has not stated a constitutional claim. Estelle, 429 U.S. at 97, 106, 107 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. . . . A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice."); Adams v. Poag, 61 F.3d 1537, 1546 (11th Cir. 1995) (doctor's failure to administer a stronger course of treatment considered a matter of medical judgment not deliberate indifference).

### D. Only related claims should be raised in a single 42 U.S.C. § 1983 complaint.

A plaintiff may set forth only related claims in a single civil rights complaint. Pursuant to Rule 20(a) of the Federal Rules of Civil Procedure, a plaintiff may not join unrelated claims and defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Constr. Aggregates, Ltd. V. Forest Commodities Corp., 147 F.3d 1334, 1337 n. 6 (11th Cir. 1998) (quotations and citation omitted).

Although Plaintiff attempts to tether the medical claims raised here to his claims of defective shoes and slippery paint by alleging that the worn-out crocs and paint caused him to fall—leading to multiple visits to the medical department—it is clear from Plaintiff's allegations that his medical claims are based on the medical defendants' long-standing practice of not providing the care he wants for both his injuries and pre-existing conditions. There is not a question of law or fact common to these sets of claims. Rather, the underlying cause of Plaintiff's injuries is irrelevant to the medical defendants' alleged

11

deliberate indifference to those injuries and to Plaintiff's other generalized claims of inadequate pain treatment. If Plaintiff believes he can raise claims of medical deliberate indifference (as opposed to claims of medical malpractice or mere disagreement with the care provided) he should do so in a separate complaint.

### E. Plaintiff must comply with this Order if he wishes to file a second amended complaint.

To the extent Plaintiff is able to amend his complaint in compliance with this Order, he may file a second amended complaint. Plaintiff should note that an amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, Plaintiff's second amended complaint must be complete, including all related claims he wishes to raise, and must not refer to the initial complaints. As discussed, Plaintiff may also file a separate case if he wishes to raise unrelated claims.

Moreover, because the second amended complaint will no longer contain unrelated claims, it should not exceed 25 pages, including attachments. Any longer complaint will not be considered by the Court, and the case will be dismissed for failure to comply with a Court order. Plaintiff is not required to attach any grievances to a second amended complaint. However, to the extent he wishes to attach supporting documents or supplements, they should be

marked as exhibits. After completing his second amended complaint, Plaintiff must mail it to the Court with a copy for each remaining defendant.

### IV.   Conclusion

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for reconsideration (Doc. 14) is **GRANTED**. The Clerk is directed to **VACATE** the order of dismissal at docket entry eleven and **REOPEN** this case.

2. Plaintiff may file a second amended complaint, no longer than 25-pages, that fully complies with this Order within **TWENTY-ONE (21) DAYS**. If Plaintiff does not file a second amended complaint or explain his failure to do so within the time allotted, this case will be dismissed for failure to prosecute with no further notice.

3. The Clerk is instructed to provide Plaintiff with two copies of the Court's pre-printed civil rights complaint forms.

**DONE AND ORDERED** in Fort Myers, Florida on this 4th day of March 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: Stephen A. Moretto
Encl: Civil Rights Complaint Form (2)

13